Case 1:23-cr-20051-JEM Document 19 Entered on FLSD Docket 02/07/2023 Page 1 of 12

FILED by \_\_MM\_\_ D.C.

Feb 7, 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

## 23-20051-CR-MARTINEZ/BECERRA

CASE NO. _____

18 U.S.C. § 201(b)(2)(C)
18 U.S.C. § 1791(a)(1)
18 U.S.C. § 371
18 U.S.C. § 981(a)(1)(C)

UNITED STATES OF AMERICA

vs.

RUBEN MONTANEZ-MIRABAL,

      **Defendant.**

_____/

### INFORMATION

The United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Information:

### The Bureau of Prisons

1.    The Bureau of Prisons ("BOP") was an agency of the executive branch of the Government of the United States. BOP had jurisdiction over the management and regulation of all Federal penal and correctional institutions, and over the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States.

2.    Federal law forbade the introduction or possession of a prohibited object in a prison, including a Federal correctional, detention, or penal facility, as specified in 18 U.S.C. § 1791(d)(4).

3. Controlled substances and unauthorized cigarettes were prohibited objects within the meaning of 18 U.S.C. § 1791(d)(1).

4. Persons employed by BOP, including medical staff, were employees of an agency of the Government of the United States and were, therefore, public officials who acted on behalf of BOP.

5. Federal Detention Center-Miami (FDC-Miami) was an administrative security Federal detention center located at 33 NE 4th Street, Miami, Florida. FDC-Miami was a prison within the meaning of 18 U.S.C. § 1791(d)(4).

### The Defendant and Relevant Individuals

6. Defendant **RUBEN MONTANEZ-MIRABAL** ("**MONTANEZ**"), a resident of Miami-Dade County, Florida, was employed by BOP as a Registered Nurse. **MONTANEZ** worked full-time as a Registered Nurse at FDC-Miami. In this position, **MONTANEZ** was a public official.

7. Associate 1 was a resident of Miami-Dade County, Florida.

8. Inmate 1 was an inmate housed at FDC-Miami.

9. Individual 1 was a person acting on behalf of Inmate 1.

10. Individual 2 was a person acting on behalf of Individual 1.

### COUNT 1
### Conspiracy to Accept Bribes and Provide Contraband in Prison
### (18 U.S.C. § 371)

1. Paragraphs 1 through 10 of the General Allegations of this Information are re-alleged and incorporated by reference as though fully set forth herein.

2. From an unknown date, but at least as early as on or about November 1, 2021, up to and including on or about August 24, 2022, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**RUBEN MONTANEZ-MIRABAL,**

did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly combine, conspire, confederate, and agree with Associate 1 and others, known and unknown to the United States Attorney, to commit certain offenses against the United States, that is:

(1) to directly and indirectly, corruptly demand, seek, receive, accept, and agree to receive and accept anything of value personally, or for any other person or entity, that being United States currency and the free use of luxury vehicles and sports cars, in return for being induced to do an act and omit to do an act in violation of his official duty, that is, introducing controlled substances and other prohibited objects into FDC-Miami, a federal prison facility, in order to deliver the controlled substances and other prohibited objects to FDC-Miami inmates, including Inmate 1, in violation of Title 18, United States Code, Section 201(b)(2)(C); and

(2) to introduce prohibited objects, including controlled substances, into FDC-Miami, a federal prison, in order to provide those prohibited objects to FDC-Miami inmates, including Inmate 1, in violation of Title 18, United States Code, Section 1791(a)(1).

## **PURPOSE OF THE CONSPIRACY**

3. It was the purpose of the conspiracy for the defendant and his co-conspirators to unjustly enrich themselves by obtaining cash payments and other things of value from inmates incarcerated in FDC-Miami, and from individuals acting on behalf of those inmates, in exchange for introducing prohibited objects, including controlled substances, into FDC-Miami and

providing them to the FDC-Miami inmates from whom they received cash payments and other things of value.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendant and his co-conspirators sought to accomplish the purpose of the conspiracy included, among other things, the following:

4. **RUBEN MONTANEZ-MIRABAL** offered and agreed to provide prohibited objects, including controlled substances, to inmates at FDC-Miami, including Inmate 1, in exchange for payments of U.S. currency and other things of value, including the free use of luxury vehicles and sports cars, from those inmates, including Inmate 1, and other individuals acting on behalf of those inmates, including Individual 1 and Individual 2.

5. To carry out the contraband smuggling and bribery agreements he made with FDC-Miami inmates, **RUBEN MONTANEZ-MIRABAL** received the controlled substances from individuals acting on behalf of those FDC-Miami inmates, including Individual 1 who was acting on behalf of Inmate 1, at locations outside of FDC-Miami. **MONTANEZ** would then bring these controlled substances into FDC-Miami and provide them to those inmates. In addition, as part of his agreements with these inmates, **MONTANEZ** would obtain other prohibited objects such as cigarettes and bring them into FDC-Miami and provide them to those inmates. **MONTANEZ** provided the controlled substances and other prohibited objects to these inmates by directly delivering them and also by concealing them in agreed locations within FDC-Miami where the inmates would be able to retrieve them.

6. **RUBEN MONTANEZ-MIRABAL** would use a number of different methods to receive the payments he accepted in exchange for providing these FDC-Miami inmates, including Inmate 1, with prohibited objects, including controlled substances, that he brought into FDC-

Miami. These methods included requesting and receiving cash bribes in person from individuals acting on behalf of those FDC-Miami inmates, including Individual 1, and directing and requesting that those FDC-Miami inmates, including Inmate 1, have his bribe payments sent by financial transfer services such as Zelle to recipients he would designate, including Associate 1, who would receive the payments on **MONTANEZ's** behalf and then provide those payments to **MONTANEZ**.

7. In addition to the U.S. currency he requested and received in exchange for providing Inmate 1 with controlled substances and other prohibited objects, **RUBEN MONTANEZ-MIRABAL** also requested that Inmate 1 arrange for him to have the occasional free use of luxury vehicles and sports cars as part of his bribe payments for his contraband smuggling activities. **MONTANEZ** would obtain these luxury vehicles and sports cars for his free use from individuals acting on behalf of Inmate 1, including Individual 1.

## OVERT ACTS

In furtherance of the conspiracy, and to accomplish the purpose thereof, at least one of the co-conspirators committed and caused to be committed, in the Southern District of Florida, and elsewhere, at least one of the following overt acts, amongst others:

1. In or around November 2021, **RUBEN MONTANEZ-MIRABAL**, pursuant to an agreement with Inmate 1, brought prohibited objects into FDC-Miami and provided them to Inmate 1 in exchange for things of value from Inmate 1.

2. On or about November 1, 2021, **RUBEN MONTANEZ-MIRABAL** directed Inmate 1 to have a payment made to Associate 1 in exchange for **MONTANEZ** providing prohibited objects to Inmate 1 inside FDC-Miami.

3. On or about November 2, 2021, Associate 1 received $600 via Zelle from Individual 1 that was sent on behalf of Inmate 1 to Associate 1 at the direction of **RUBEN MONTANEZ-MIRABAL** as payment to **MONTANEZ** for providing prohibited objects to Inmate 1 inside FDC-Miami.

4. In or around late January 2022 and early February 2022, **RUBEN MONTANEZ-MIRABAL**, pursuant to an agreement with Inmate 1, brought prohibited objects, including controlled substances, into FDC-Miami and provided them to Inmate 1 in exchange for things of value from Inmate 1.

5. In or around late January 2022, **RUBEN MONTANEZ-MIRABAL** requested that Inmate 1 arrange for **MONTANEZ** to have the free use of luxury vehicles and sports cars as partial payment for his bringing prohibited objects, including controlled substances, into FDC-Miami and his provision of those prohibited objects to Inmate 1.

6. In or around late January 2022, **RUBEN MONTANEZ-MIRABAL** received and accepted the free use of a Lamborghini sports car that was arranged for him by Inmate 1 as partial payment for providing Inmate 1 with prohibited objects, including controlled substances, inside FDC-Miami.

7. In or around early February 2022, **RUBEN MONTANEZ-MIRABAL** received and accepted the free use of a Rolls-Royce that was arranged for him by Inmate 1 as partial payment for providing Inmate 1 with prohibited objects, including controlled substances, inside FDC-Miami.

8. On or about March 1, 2022, **RUBEN MONTANEZ-MIRABAL**, pursuant to an agreement with Inmate 1, brought prohibited objects, that is, papers soaked with a controlled

substance, into FDC-Miami that he was intending to provide to Inmate 1, and hid them under a shelving unit in a mop closet on the 9th floor of FDC-Miami.

9. On or about March 3, 2022, Associate 1 received $1,500 via Zelle from Individual 2 that was sent at the direction of **RUBEN MONTANEZ-MIRABAL** as payment to **MONTANEZ** for providing prohibited objects, including controlled substances, to Inmate 1 inside FDC-Miami.

10. On or about March 3, 2022, shortly after receiving $1,500 via Zelle from Individual 2, Associate 1 sent $1,500 via Zelle to **RUBEN MONTANEZ-MIRABAL**.

11. On or about March 17, 2022, Associate 1 received $1,200 via Zelle from Individual 2 that was sent at the direction of **RUBEN MONTANEZ-MIRABAL** as payment to **MONTANEZ** for providing prohibited objects, including controlled substances, to Inmate 1 inside FDC-Miami.

12. On or about March 17, 2022, shortly after receiving $1,200 via Zelle from Individual 2, Associate 1 sent $1,200 via Zelle to **RUBEN MONTANEZ-MIRABAL**.

13. On or about March 21, 2022, during an exchange of messages, **RUBEN MONTANEZ-MIRABAL** told Individual 1 that Inmate 1 had agreed to increase the payments to **MONTANEZ** and he further directed Individual 1 to send that payment to Associate 1 via Zelle.

14. In or around July 2022, **RUBEN MONTANEZ-MIRABAL** made an agreement with Inmate 1 to provide Inmate 1 with controlled substances inside FDC-Miami in exchange for a cash payment of $7,000 and an additional $1,000 to be sent via Zelle to Associate 1 after delivery of the controlled substances to Inmate 1 inside FDC-Miami.

15.     On or about July 25, 2022, Associate 1 contacted Individual 1 and told Individual 1 that the delivery of controlled substances into FDC-Miami would need to be delayed because **RUBEN MONTANEZ-MIRABAL** was concerned he was under investigation.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2
### Providing Contraband in Prison
### (18 U.S.C. § 1791(a)(1))

1.      Paragraphs 1 through 10 of the General Allegations of this Information are re-alleged and incorporated by reference as though fully set forth herein.

2.      On or about March 1, 2022, at the Federal Detention Center – Miami, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**RUBEN MONTANEZ-MIRABAL,**

provided and attempted to provide a prohibited object, as defined in Title 18, United States Code, Section 1791(d)(1)(A), that is a Schedule I controlled substance, in a prison, in violation of Title 18, United States Code, Sections 1791(a)(1), (b)(2), and (d)(1)(A).

## FORFEITURE ALLEGATIONS

1.      The allegations of this Information are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **RUBEN MONTANEZ-MIRABAL**, has an interest.

2.      Upon conviction of a conspiracy to commit a violation of Title 18, United States Code, Section 201, as alleged in this Information, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

_____
MARKENZY LAPOINTE
UNITED STATES ATTORNEY

_____
EDWARD N. STAMM
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.: _____

v.

Ruben Montanez-Mirabal

**CERTIFICATE OF TRIAL ATTORNEY***

_____ /
               **Defendants.**

**Superseding Case Information:**

**Court Division** (select one)
- ☑ Miami    ☐ Key West    ☐ FTP
- ☐ FTL    ☐ WPB

New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of New Counts _____

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No) **No**
   List language and/or dialect: _____

4. This case will take **0** days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)         (Check only one)
   - I    ☑ 0 to 5 days      ☐ Petty
   - II    ☐ 6 to 10 days      ☐ Minor
   - III   ☐ 11 to 20 days     ☐ Misdemeanor
   - IV   ☐ 21 to 60 days     ☑ Felony
   - V    ☐ 61 days and over

6. Has this case been previously filed in this District Court? (Yes or No) **No**
   If yes, Judge _____ Case No. _____

7. Has a complaint been filed in this matter? (Yes or No) **Yes**
   If yes, Magistrate Case No. **22-mj-03762-AOR**

8. Does this case relate to a previously filed matter in this District Court? (Yes or No) **No**
   If yes, Judge _____ Case No. _____

9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) **No**
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) **No**
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) **No**

By: _____
Edward N. Stamm
Assistant United States Attorney
FL Bar No.     373826

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** Ruben Montanez-Mirabal

**Case No:** _____

Count #: 1

Conspiracy to Accept Bribes and Provide Contraband in Prison

18 U.S.C. § 371
* **Max. Term of Imprisonment: 5 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000**
* **Special Assessment: $100**

Count #: 2

Providing Contraband in Prison

18 U.S.C. § 1791(a)(1)
* **Max. Term of Imprisonment: 10 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000**
* **Special Assessment: $100**

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. |
| Ruben Montanez-Mirabal | ) | |
| | ) | |
| Defendant | ) | |

**WAIVER OF AN INDICTMENT**

    I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

    After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

      Bijan Parwaresch, Esq.
_____
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*