**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 23-20051-Cr-MARTINEZ/BECERRA

**UNITED STATES OF AMERICA**

vs.

**RUBEN MONTANEZ-MIRABAL,**

   Defendant.
_____/

## PLEA AGREEMENT

The Office of the United States Attorney for the Southern District of Florida ("this Office") and the defendant, RUBEN MONTANEZ-MIRABAL, enter into the following agreement:

1. Pursuant to Rule 7(b) of the Federal Rules of Criminal Procedure, the defendant agrees to waive indictment and to plead guilty to a two-count felony Information which charges him with: (1) conspiracy to commit offenses against the United States, that is, bribery, in violation of Title 18, United States Code, Section 201(b)(2)(C), and providing contraband in a federal prison, in violation, of Title 18, United States Code, Section 1791(a)(1); all violation of Title 18, United States Code, Section 371; and (2) providing contraband in a federal prison, in violation of Title 18, United States Code, Sections 1791(a)(1) and 1791(b)(2).

2. The defendant is aware that his sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and

1

that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3. The defendant also understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to 5 years followed by a term of supervised release of up to 3 years, a fine of up to $250,000, and may order forfeiture and restitution for the violation of Title 18, United States Code, Section 371; and may also impose a statutory maximum term of imprisonment of up to 10 years, followed by a term of supervised release of up to 3 years, and a fine of up to $250,000, for the violation of Title 18, United States Code, Section 1791. The defendant also understands and acknowledges that the Court may impose these statutory maximum sentences consecutively, for a total possible term of imprisonment of 15 years. The Court also must

impose a special assessment in the amount of $100 per count for a total of $200, and the defendant agrees to pay the special assessment imposed at the time of sentencing.

4. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

5. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office however, will not be required to make this recommendation (or any agreed recommendation contained within this plea agreement) if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; (3) commits any misconduct after entering into this plea

agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official; or (4) attempts to withdraw his plea of guilty prior to sentencing.

6. The defendant agrees that he will resign from his position with the Department of Justice – Federal Bureau of Prisons prior to the time of his sentencing, and further agrees that he shall not seek Federal employment in the future.

7. This Office and the defendant agree that, although not binding on the Court or the probation office, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed on Count 1: (a) the applicable Sentencing Guidelines section for the offense is 2C1.1; (b) the defendant is a public official as that term is used in Section 2C1.1 and therefore, pursuant to Section 2C1.1(a)(1), the applicable base offense level is 14; (c) the offense involved more than one bribe, and as a result, pursuant to Section 2C1.1(b)(1), the defendant's offense level should be increased by 2 levels; and, (d) the value of the benefit received or to be received in return for the payments to the defendant and others acting with him was more than $150,000 and less than $250,000, and as a result, the defendant's offense level should be increased by 10 levels pursuant to Section 2C1.1(b)(2). This Office and the defendant also agree to jointly recommend that Count 1 and Count 2 should be grouped together into a single Group for purposes of sentencing pursuant to Sections 3D1.2(a), 3D1.2(b), and 3D1.3(a) of the Sentencing Guidelines. This Office and the defendant further agree that except for these above-stated joint recommendations that are not binding on the Court, the parties otherwise retain their full rights to advocate regarding the applicable advisory Sentencing Guidelines, the Title 18, United States Code, Section 3553(a) factors, and the ultimate sentence to be imposed.

8. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court. The defendant understands further that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and this Office.

9. The defendant understands and acknowledges that the Court must order restitution for the full amount of the victim's losses pursuant to Title 18, United States Code, Section 3663A.

10. The defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any property, real or personal, which constitutes or is derived from proceeds traceable to such violation, pursuant to Title 18, United States Code, Section 981(a)(1)(C), as incorporated by Title 28, United States Code, Section 2461(c), and the provisions of Title 21, United States Code, Section 853.

11. The defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable

5

defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a), and any appeal of the forfeiture.

12. The defendant also agrees to fully and truthfully disclose the existence, nature and location of all assets in which the defendant has or had any direct or indirect financial interest or control, and any assets involved in the offenses of conviction. The defendant agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture. This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

13. The defendant agrees that he shall cooperate fully with this Office by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office, whether in interviews, before a grand jury, or at any trial or other Court proceeding; (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by this Office; and (c) if requested by this Office, working in an undercover role under the supervision of, and in compliance with, law enforcement officers and agents. In addition, the defendant agrees that he will not protect any person or entity through false information or omission, that he will not falsely implicate any person or entity, and that he will not commit any further crimes.

14. This Office reserves the right to evaluate the nature and extent of the

6

defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing. If in the sole and unreviewable judgment of this Office the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentencing range calculated under the Sentencing Guidelines and/or any applicable minimum mandatory sentence, this Office may make a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines and/or Title 18, United States Code, Section 3553(e), or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced. The defendant understands and agrees, however, that nothing in this agreement requires this Office to file any such motion, and that this Office's assessment of the quality and significance of the defendant's cooperation shall be binding as it relates to the appropriateness of this Office's filing or non-filing of a motion to reduce sentence.

15. The defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by the government. In addition, the defendant further understands and acknowledges that the Court is under no obligation of any type to reduce the defendant's sentence because of the defendant's cooperation.

16. The defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any

restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney. The defendant further agrees, together with the United States, to request that the Court enter a specific finding that the defendant's waiver of the defendant's right to appeal the sentence to be imposed in this case was knowing and voluntary.

17. In the event that for any reason the defendant does not plead guilty or otherwise fully comply with any of the provisions of this agreement, the defendant agrees and understands that he thereby waives any protection afforded by Section 1B1.8(a) of the Sentencing Guidelines as well as any protection afforded by Rule 11(e)(6) of the Federal Rules of Criminal Procedure. The defendant further understands that in the event that for any reason the defendant does not plead guilty, any statements made by the defendant under this agreement or as part of any plea discussions or as part of any attempted or actual cooperation with the government, will be fully admissible against the defendant in any civil or criminal proceedings, notwithstanding any prior agreement with the government.

18. This Office agrees that if the defendant satisfies all of the requirements set out in paragraph 5 for this Office to recommend the full three-level reduction for acceptance of responsibility and fully complies with all the other provisions of this plea agreement, including by cooperating truthfully and completely as required in paragraph 13, and by pleading guilty and being sentenced pursuant to the terms of this plea agreement, then this agreement resolves the defendant's criminal liability in the Southern District of Florida growing out of any criminal conduct relating to the smuggling of contraband into the Federal Detention Center-Miami ("FDC-Miami") that is known to this Office as of the date of this plea agreement, including but not limited to the specific criminal conduct charged in the two-count felony Information to which the defendant is pleading guilty.

19. This Office further agrees that if the defendant satisfies all of the requirements set out in paragraph 5 for this Office to recommend the full three-level reduction for acceptance of responsibility and fully complies with all the other provisions of this plea agreement, including by cooperating truthfully and fully as required in paragraph 13, and by pleading guilty and being sentenced pursuant to the terms of this plea agreement, then this Office will not seek to criminally prosecute the individual identified as "Associate 1" in the Information filed in this case for any criminal conduct that she may have committed relating to the smuggling of contraband into FDC-Miami that is known to this Office, as of the date of this plea agreement, including but not limited to the specific criminal conduct charged in the two-count felony Information to which the defendant is pleading guilty.

20. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 3/8/23          By: _____
                           Edward N. Stamm
                           Assistant United States Attorney

Date: 3/8/23          By: _____
                           Bijan S. Parwaresch, Esq.
                           Attorney for Defendant

Date: 3/4/23          By: _____
                           Ruben Montanez-Mirabal
                           Defendant